UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BONNIE BALDERRAMA
BONNIE L. BALDERRAMA,
and other similarly situated individuals,

    Plaintiffs,

v.

HIGHGATE HOTELS LP
a/k/a YVE HOTEL MIAMI

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA by and through the undersigned counsel, on behalf of themself and other similarly situated, hereby sue Defendants HIGHGATE HOTELS LP a/k/a YVE HOTEL MIAMI, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for regular unpaid wages and under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA (mother and daughter) are residents of Miami-Dade County within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

Page **1** of **10**

3. Defendant HIGHGATE HOTELS LP a/k/a YVE HOTEL MIAMI (hereinafter YVE HOTEL MIAMI, or Defendant) is a Foreign Limited Partnership doing business under the name of YVE HOTEL MIAMI, with a place of business in Miami-Dade County, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. This cause of action is brought by Plaintiffs as a collective action to recover from Defendants regular wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during the material time.

5. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiffs, performing non-exempted duties, at all premises of YVE HOTEL MIAMI, in furtherance of the business of Defendants, and who worked for Defendant within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half his regular rate ("the overtime rate"), pursuant the FLSA.

6. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individual joining this action, as tolled or extended by the equity or by law.

7. Corporate Defendant YVE HOTEL MIAMI operates Biscayne Tavern & Grill, an upscale gastropub located at 146 Biscayne Blvd., Miami, Florida 33132, where the Plaintiffs worked.

.

8. The Employer, YVE HOTEL, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel operating a restaurant/bar with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

9. Plaintiffs were employed by an enterprise engaged in interstate commerce. Through their daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

10. All the actions raised in this Complaint took place in Dade County, within the jurisdiction of this Court.

### COUNT I:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

11. Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA re-adopt every factual allegation stated in paragraphs 1-10 of this Complaint as if set out in full herein.

12. This action is brought by Plaintiffs to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

13. <u>1.- Claim of Plaintiff BONNIE BALDERRAMA</u>, Defendant YVE HOTEL MIAMI employed Plaintiff BONNIE BALDERRAMA as a non-exempted, full-time prep cook and dishwasher, from on or about November 01, 2021, through approximately April 08, 2022, or 22 weeks.

14. Plaintiff's wage rate was $14.00 an hour.

15. During her employment with Defendant, Plaintiff BONNIE BALDERRAMA worked at the restaurant 5 days per week on an irregular schedule. Sometimes Plaintiff began to work at 6:30 AM, 7:00 AM, or 9:00 AM, and she worked until 2:00 or 4 PM. Plaintiff was supposed to work 35 hours weekly. Sometimes, manager/chef Damian Bastil made her clock in twice because he said Plaintiff's earlier clock-in had failed. The chef made Plaintiff sign a confusing timesheet with her hours worked. Plaintiff worked an average of 35 hours weekly, but she always was paid for less than 35 hours. Plaintiff states that every week she had at least 3 missing working hours.

16. In addition, Defendant deducted 30 minutes of lunchtime daily. However, Plaintiff was unable to take bonafide lunchtime periods. This unproperly deducted lunchtime represents 2.5 hours of unpaid wages weekly.

17. Plaintiff BONNIE BALDERRAMA is claiming a total of 5.5 unpaid hours weekly.

18. On or about April 08, 2022, Plaintiff BONNIE BALDERRAMA was forced to leave her employment with Defendant due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

19. <u>2.- Claim of Plaintiff BONNIE L. BALDERRAMA</u>, Defendant YVE HOTEL MIAMI employed Plaintiff BONNIE L. BALDERRAMA as a non-exempted, full-time waitress, from on or about January 01, 2022, through approximately March 30, 2022, or 12 weeks.

20. During her employment with Defendant, Plaintiff BONNIE BALDERRAMA worked at the restaurant 5 days per week, from Saturday to Wednesday, from 6:30 AM to 2:30 PM (8 hours daily), or a total of 40 hours or more.

21. Defendant deducted 30 minutes of lunchtime daily. However, Plaintiff was unable to take bonafide lunchtime periods. This unproperly deducted lunchtime represents 2.5 hours of unpaid wages weekly.

22. Furthermore, Plaintiff was a waitress, and she was paid the minimum wage for tipped employees or $6.98 an hour plus tips.

23. However, every day Plaintiff was required to perform at least 1 hour of non-tippable activities, which were non- incidental to her work as a waiter. These hours should be compensated at the full minimum wage rate.

24. Defendant is not entitled to the "tip credit" allowed by law. Defendant is obligated to pay Plaintiff the full minimum wage for every hour worked for Defendants.

25. Plaintiff is claiming 2.5 regular unpaid wages corresponding to the unproperly deducted lunchtime hours, plus full regular wages for 5 hours weekly worked in non-tippable activities.

26. On or about April 08, 2022, Plaintiff BONNIE BALDERRAMA was forced to leave her employment with Defendant due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

27. Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA clocked in and out through a time-keeping system. Thus, Defendant was in complete control of the Plaintiffs' schedule. They knew about the actual number of hours worked by Plaintiffs and other similarly situated individuals.

28. Therefore, Defendant willfully failed to pay Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

29. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiffs and other similarly situated individuals. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

30. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

31. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiffs' good faith estimates of unpaid wages are as follows:

### 1.-Claim of Plaintiff BONNIE BALDERRAMA

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

One Thousand Two Hundred Ten Dollars and 00/100 ($1,210.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 22 weeks
Total relevant weeks: 22 weeks
Total number of hours worked: 35 hours weekly
Total number of regular unpaid hours: 3 hours
Florida minimum wage 2022: $10.00 an hour

1.- Minimum wages for 3 regular unpaid hours weekly during 22 weeks

$10.00 x 3 hours = $30.00 weeekly x 22 weeks=$660.00

2.- Minimum wage for 2.5 lunch hours unproperly deducted.

$10.00 x 2.5 hours=$25.00 x 22 weeks = $550.00

Total #1, and #2: $1,210.00

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage rate.

<u>2.-Claim of Plaintiff BONNIE L. BALDERRAMA</u>

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Four Hundred Eighty-One Dollars and 20/100 ($481.20)

   b. <u>Calculation of such wages</u>:

   Total period of employment:  12 weeks
   Total relevant weeks: 12 weeks
   Wage rate paid: $6.98 plus tips
   Florida minimum wage 2022: $10.00 an hour

   1.- Minimum wage for 2.5 lunch hours unproperly deducted during 12 weeks.

   $10.00 x 2.5 hours=$25.00 x 12 weeks = $300.00

   2.- Minimum wages for 5 regular (non-tippable activities) unpaid hours weekly during 12 weeks

   $10.00 -$6.98 = $3.02 x 5 days=$15.10 weeekly x 12 weeks=$181.20

   Total #1, and #2: $181.20

   c. <u>Nature of wages</u>:

   This amount represents unpaid minimum wages at the Florida minimum wage rate.

32. Defendant YVE HOTEL MIAMI unlawfully failed to pay minimum wages to Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA. Plaintiffs seek to recover for minimum wage violations accumulated during their relevant time of employment.

33. Defendant knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

34. Defendant YVE HOTEL MIAMI willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remains owing Plaintiffs these minimum wages as set forth above.

35. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiffs are entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA and against Defendant YVE HOTEL MIAMI, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs BONNIE BALDERRAMA and BONNIE L. BALDERRAMA and those similarly situated demand a trial by a jury of all issues triable as of right by a jury

DATED: August 21, 2022,

                                                    Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*